NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HORIZON MEDICINES LLC, | Civil Action No. 20-8188 (SRC) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| TEVA PHARMACEUTICALS USA, INC., | |
| Defendant. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion for a partial stay pending appeal by Plaintiff Horizon Medicine LLC ("Horizon"). For the reasons that follow, the motion will be granted.

This case arises from Hatch-Waxman litigation regarding six patents related to the drug Duexis®. Plaintiff holds the patents and Defendant Teva Pharmaceuticals USA, Inc. ("Teva") is a pharmaceutical company which has filed ANDA No. 211278 with the FDA to produce a generic version of Duexis®. Horizon litigated a similar case, involving the same six patents and an ANDA to make a generic version of Duexis®, against another pharmaceutical company, Alkem, in Delaware. Judge Andrews issued the Alkem Judgment on November 30, 2020, which held, *inter alia*: 1) claims 1, 8, 11, and 14 of the '033 patent are invalid as obvious and not infringed; and 2) claims 1-3 and 8-10 of the '451 patent are not infringed. Horizon has appealed aspects of the Alkem Judgment, including determinations about the '033 patent, to the Court of Appeals for the Federal Circuit. No 30-month stay is pending in the instant case.

Horizon moves to stay the parties' claims and counterclaims relating to U.S. Patent No. 8,067,033 ("the '033 patent") pending resolution of Horizon's appeal of the Alkem Judgment. Horizon argues, in short, that judicial economy strongly supports a grant of this partial stay, and that a partial stay will not prejudice Teva. In opposition, Teva argues that a grant of a partial stay will not promote judicial economy, and that it will give Horizon a tactical advantage and prejudice Teva.

The Third Circuit has held:

> A United States district court has broad power to stay proceedings. . . . In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.

Bechtel Corp. v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976). Courts in this district generally consider three factors when determining to grant a stay: "1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Stryker Trauma S.A. v. Synthes (USA), 2008 WL 877848, at *1 (D.N.J. 2008).

Horizon contends that a stay of proceedings as to the '033 patent will promote judicial economy because an affirmance of the Alkem Judgment of invalidity of claims 1, 8, 11, and 14 of the '033 patent will eliminate the need for any litigation over those claims in this case: Horizon has agreed not to assert any claim of the '033 patent in the current litigation if the invalidity determination is affirmed. Were a partial stay not granted, if the Federal Circuit eventually affirmed the determination of invalidity of the claims at issue in the '033 patent, any expert discovery, claim construction, and adjudication of issues concerning those claims in the

current litigation would have been a waste for all involved. Horizon also contends that, alternatively, should the Federal Circuit reverse the determination of invalidity, it may provide discussion of issues of claim construction and infringement that could simplify this Court's eventual consideration of those issues. And, again, in such event, any aspects of this litigation which were based on the then-reversed Alkem Judgment will have been a waste.

Teva's opposition to Horizon's judicial economy argument misses the point, as Teva focuses on how a partial stay will not simplify the litigation as to the other five patents. Teva does not have any effective rebuttal to Horizon's points about all the resources that could be wasted by denying the partial stay and proceeding to litigate all asserted claims in the '033 patent. This Court concludes that it is very much in the interest of judicial economy and the preservation of everyone's resources to grant the motion.

This is especially true in the light of the fact that Teva states that it plans to assert collateral estoppel, based on the Alkem Judgment, as both affirmative defense and in support of counterclaims. There is a significant risk that a Federal Circuit decision about the Alkem Judgment could render any litigation of the collateral estoppel effect of that Judgment, as to the '033 claims, a waste of time.

Teva also opposes the motion on the ground that it will suffer prejudice, arguing that the "requested stay would unfairly deprive Teva of any certainty with respect to the '033 patent for another year (or more) during the pendency of Horizon's appeal." (Teva's Opp. Br. 24.) The idea that the parties and the Court have some appreciable measure of certainty during the pendency of Horizon's appeal before the Federal Circuit, which a stay would eliminate, is meritless. The uncertainty created by a pending appeal regarding a patent at issue cannot be

reduced by any action of this Court. Nor, as Teva knows, will this Court's eventual judgment in the instant case resolve all uncertainty, which comes only with the completion of the appeal process in both litigations.

The motion for a partial stay will be granted.

For these reasons,

**IT IS** on this 5th day of May, 2021

**ORDERED** that Plaintiff's motion for a partial stay (Docket Entry No. 66) is **GRANTED**; and it is further

**ORDERED** that all proceedings relating to the '033 patent in this case are hereby **STAYED** pending resolution of the appeal of the Alkem Judgment to the Federal Circuit.

                                           s/ Stanley R. Chesler
                                         STANLEY R. CHESLER, U.S.D.J.